IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMY JAMES LINDSEY,**

        **Plaintiff,**

    v.                      CASE NO. 06-3268-SAC

**BUTLER COUNTY JAIL,**

        **Defendant.**

### MEMORANDUM AND ORDER

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Butler County Jail, El Dorado, Kansas. The action was filed in the Western District of Missouri and transferred to this court. As the basis for the complaint, plaintiff alleges his requests to go to the law library have been constantly denied because he is in administrative segregation, and he has been allowed no book or any legal material for over 35 days. He further alleges he has a trial in less than a month, and asserts his right of access is being violated. The only named defendant is "Butler County Jail." Plaintiff seeks $20,000 damages.

### FILING FEE

There is no entry in the record showing that plaintiff has either paid the filing fee in this civil action of $350.00, or submitted a Motion for Leave to Proceed Without Prepayment of Fees[1]. This action may not proceed unless the filing fee requirement is met in one of these ways. Plaintiff will be given thirty (30) days to either pay the fee or submit a motion that complies with 28 U.S.C.

---

[1] The transferor court stated that plaintiff "has moved for leave to proceed without the prepayment of fees." However, the docket does not show that any such motion has been filed. The only pleading filed by plaintiff thus far is the complaint.

1915(a), including providing a statement of all assets, and a certified copy of his trust fund account showing the transactions in his inmate account for the last six months.

**SCREENING**

Because Mr. Lindsey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff has not sufficiently pled exhaustion of administrative remedies in his complaint.  42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."  See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).  The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court.  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S.

2

925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id.

Plaintiff's allegation that he "talked to the Administrator" is not sufficient to show exhaustion. Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses. If plaintiff fails to adequately show exhaustion, the complaint is subject to being dismissed, without prejudice.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege something more than that the prison or jail is denying him access to a law library or legal materials. The plaintiff must "go one step further and demonstrate that the alleged shortcomings" in provision of legal materials has "hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim, or that a non-frivolous legal claim has

3

been dismissed, or impeded. Id. at 350, 353. Moreover, providing a law library for inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." Id. at 351, *citing* Bounds v. Smith, 430 U.S. 817, 830 (1977). If an inmate is represented by counsel in a pending state action, he is not necessarily entitled to access to a law library.

Plaintiff will be given thirty (30) days to state what court action or actions he is pursuing, whether he is representing himself therein, and how his case has been actually impeded by the alleged inadequate access to legal materials. If plaintiff is having difficulty assisting with his defense in a state criminal proceeding, that is a matter he should immediately raise to the judge presiding over the state proceedings.

**PERSONAL PARTICIPATION**

Moreover, plaintiff must allege facts showing actual personal participation in the alleged denial of his right to access by a "person" named as a defendant. The jail facility is not a "person" subject to suit under 42 U.S.C. 1983.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to either pay the filing fee of $350.00 or submit a motion for leave to proceed without prepayment of fees; and to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies, and for failure to state a claim of denial of access by a person.

4

The clerk is directed to transmit forms for filing a motion for leave to proceed without prepayment of fees to plaintiff.

**IT IS SO ORDERED**.

Dated this 12th day of October, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
